UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL LOZADA, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF,<br><br>- against -<br><br>CASE WESTERN RESERVE UNIVERSITY,<br><br>DEFENDANT. | Case No. 1:20-cv-2336<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Daniel Lozada ("Plaintiff"), by and through the undersigned counsel, brings this class action against Case Western Reserve University ("Case Western," the "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

### NATURE OF THE ACTION

1. This is a proposed class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Case Western Reserve University for in-person, hands-on educational services and experiences for the semesters or terms affected by Novel Coronavirus Disease 2019 ("COVID-19"), including the Spring 2020, but had their course work moved to online only learning.

2. Students like Plaintiff paid all or part of the tuition for an average yearly tuition that was around $52,448 for undergraduate students, and $1,643 to $2,778 per credit hour for Graduate students. Students like Plaintiff also paid mandatory fees for each semester, including a fee of

1

approximately $140 to $202 as an Undergraduate Activity Fee and other fees associated with services or facilities at the University ("Mandatory Fees").

3. Case Western has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online-only distance learning starting in or around March 10, 2020 and cancelled all on-campus events and services.

4. After the University's response to the COVID-19 pandemic, on or about March 10, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees was intended to cover.

5. The University's failure to provide the in-person and on-campus services for which tuition and the Mandatory Fees were intended to cover since approximately March 10, 2020 is a breach of the contract between the University and Plaintiff. These actions by the University also breach the contracts of all students enrolled in the University.

6. Defendant's actions are unjust.

7. Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experiences, with all the appurtenant benefits offered by a first-rate university. Instead, students like Plaintiff were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff with the University.

8. Plaintiff and the Class have paid Mandatory Fees for services and facilities that were simply not provided during the Spring 2020 semester.

9. This failure also constitutes a breach of the contracts entered by Plaintiff with the University.

10. Plaintiff seeks, for himself and Class members, the University's disgorgement and

return of the pro-rated portion of its tuition and the Mandatory Fee, proportionate to the amount of time in the respective semesters when the University closed and switched to online-only learning. The return of such amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendant's breach.

11. Plaintiff seeks, for himself and the Class members, protections including injunctive and declaratory relief protecting Class members for paying the full cost of tuition and fees during the pendency of the COVID-19 pandemic in light of the educational services, opportunities, and experiences Defendant can actually safely provide.

**PARTIES**

12. Plaintiff Daniel Lozada was an undergraduate student during the Spring 2020 semester with an expected graduation date in 2022. For the Spring 2020 semester, Case Western charged Plaintiff approximately $25,427 in tuition and the Mandatory Fee, including a $202 Activity Fee. Additionally, Defendant charges Plaintiff a transportation fee of $35, a medical plan fee of $1,165, and room & board in excess of $6,800.

13. Plaintiff Lozada is a resident of Cleveland, Ohio.

14. Plaintiff Lozada paid tuition and Mandatory Fees for in-person and on-campus educational services, experiences, opportunities, and other related collegiate services.

15. Plaintiff has not been provided a pro-rated refund of (i) the tuition for the in-person classes that were discontinued and moved online, or (ii) the Mandatory Fees he paid after Case Western's facilities and on-campus services were closed and student events were cancelled.

16. Defendant Case Western Reserve University is a private university in Cleveland, Ohio that was founded in 1826. Case Western offers numerous major fields for undergraduate students, as well as a number of graduate programs.

17. Defendant's undergraduate and graduate programs include students from many, if not all, of the states in the country. Its campus is located in Cleveland, Ohio. Defendant is a citizen of Ohio.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

19. This Court has personal jurisdiction over Defendant because it resides in this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

21. Plaintiff and Class Members paid to attend Case Western's Spring 2020 semester including tuition and Mandatory Fees. The Spring 2020 semester started on Jan. 13, 2020 and ended on May 7, 2020.

22. Tuition at Case Western was approximately $25,225 for undergraduate students and $1,643 to $2,778 per credit hour for Graduate students.

23. Mandatory Fees for each semester at Case Western were approximately $140 to $202.

24. Plaintiff and the members of the Class paid tuition and Mandatory Fees for the benefit of on-campus live interactive instruction and on-campus educational experiences throughout the semester.

25. Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiff and the members of the Class.

26. The University has not held any in-person classes since March 10, 2020 for students. All classes since March 10, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

27. The services for which the Mandatory Fees was assessed were also terminated or cancelled at or about this time, including access to in-person University health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

28. Case Western has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

29. Students attending Case Western's Spring 2020 semester did not choose to attend an online-only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that Case Western would provide in-person and on-campus educational opportunities, services, and experiences.

30. On its website, Case Western markets its University's on-campus experience and opportunities as a benefit to students.

31. The online only learning options offered to Case Western's students were sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class agreed to pay for.

32. During the online portion of the Spring 2020 semester, Case Western used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among

teachers and students, and among students that is instrumental in educational development and instruction.

33. The online formats being used by Case Western did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

34. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

35. Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms are integral to a college education.

36. Students, like Plaintiff, paid for access to such facilities through tuition and the Mandatory Fees.

37. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

38. Case Western priced the tuition and the Mandatory Fees based on the in-person educational services, opportunities and experiences it was providing on campus.

39. The University has failed to refund any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by COVID-19.

40. The University has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

41. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and the Mandatory Fees they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

42. Defendant's practice of failing to provide reimbursements for tuition and the Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23, on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester or any other semester affected by COVID-19 at Case Western but had their class(es) moved to online only learning (the "Class").

44. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

45. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Fed. R. Civ. P. 23 and other statutes and case law regarding class action litigation in the State of Ohio.

46. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 10,000 or more undergraduate and graduate students were enrolled for the 2019 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include

U.S. Mail, electronic mail, Internet postings, and/or published notice.

47. The questions here are ones of common or general interest such that there is a well-defined community of interest among the Class members. These questions predominate over questions that may affect only individual members of the Class because Case Western has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

    a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

    b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 10, 2020;

    c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

    d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 10, 2020;

    e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

    f. The amount of damages and other relief to be awarded to Plaintiff and the Class

members.

48. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

49. Plaintiff is a more than adequate class representatives. In particular:

   a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

   b) Plaintiff's interests do not conflict with the interests of the other Class members whom he seeks to represent;

   c) No difficulty is anticipated in the management of this litigation as a class action; and

   d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

50. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

51. It is impracticable to bring the claims of the individual members of the Class before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

52. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

53. Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 53.

55. Plaintiff brings this claim on behalf of himself and the members of the Class.

56. By assessing, accepting, and retaining tuition and the Mandatory Fees for the Spring 2020 semester, the University agreed to, among other things, provide an in-person and on-campus education as well as the services and facilities throughout the semester.

57. Students, like Plaintiffs, paid tuition and Mandatory Fees for the Spring 2020 semester.

58. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

59. Case Western has held that its in-person and on-campus educational opportunities, experiences, and services are of substantial value.

60. Case Western has agreed to provide in-person and on-campus educational opportunities, experiences, and services to enrolled students.

61. Case Western has promoted its in-person and on-campus educational services as being valuable to students' educational experiences and their development.

62. In marketing materials and other documents provided to Plaintiff, Defendant promoted the value of the in-person and on-campus education experiences, opportunities, and services that Defendant provided.

63. Defendant provided Plaintiff and each member of the Class with an acceptance letter that Plaintiff and each member of the Class accepted based on the promise of in-person and on-campus educational experiences, opportunities, and services that Defendant would provide.

64. Case Western has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational services that Plaintiff paid for – through tuition and Mandatory Fees.

65. Case Western has retained the full amount of the tuition and Mandatory Fees paid by Plaintiff and the Class, despite failing to provide Plaintiff and the Class with all of the on-campus and in-person educational services they contracted to provide.

66. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

67. Plaintiff and members of the Class have performed all of their obligations pursuant

to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

68. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of Case Western's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the portion of the semester affected by Covid-19 in which in-person classes were discontinued and facilities were closed by Case Western.

69. The University should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class member.

### SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT (In the Alternative)
### (On Behalf of Plaintiff and the Class)

70. Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 69 above.

71. By paying Case Western tuition and the Mandatory Fees for the Spring 2020 semester, Case Western agreed to, among other things, provide in-person and on-campus education and services related to the same.

72. Defendant has retained the benefits of the amount of tuition and the Mandatory Fees that Plaintiff and members of the Class have provided – without providing the benefits that Plaintiff and members of the Class were owed.

73. For example, Defendant failed to provide Plaintiff and members of the Class access to any on-campus facility after March 10, 2020. Yet, Defendant assessed Plaintiff and members of the Class with tuition and the Mandatory Fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

74. Plaintiff and members of the Class were not able to access such facilities or services

remotely.

75. Plaintiff and members of the Class paid tuition and the Mandatory Fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that Case Western has previously marketed, promoted, or made available prior to Covid-19.

76. Defendant has been unjustly enriched by the payment of tuition and the Mandatory Fees by Plaintiff and members of the Class.

77. Despite not being able to provide such services, Case Western failed to provide reimbursements for tuition and the Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the Mandatory fee.

78. Plaintiff and members of the Class have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

79. Defendant's acts were unjust, for it to keep money for services it did not render.

### THIRD CLAIM FOR RELIEF
### CONVERSION & TAKING OF PROPERTY
### (On Behalf of Plaintiff and the Class)

80. Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 79 above.

81. Plaintiff and members of the Class made financial arrangements that required them to make payments before Defendant provided services.

82. Defendant accepted monies from Plaintiff and members of the Class with the express understanding that the University would provide in-person and on-campus educational experiences, opportunities, and services.

83. The University was unable to and did not perform such services or provide such

experiences and opportunities.

84. The University has converted the Class members' and Plaintiff's property into its own property without just compensation.

85. Just compensation would have been the in-person services, opportunities, and experiences that the University has touted, marketed, and advertised as important and essential to the quality of education that Plaintiff and members of the Class should have received.

86. It is inequitable for the University to convert such funds into its own profits despite the failure to provide such services, experiences, and opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g)     For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h)     For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 13, 2020            Respectfully submitted,

GOLDENBERG SCHNEIDER, LPA

/s/ *Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg (0063771)
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8297
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, New York 10016
Telephone: (212) 969-7810
Facsimile: 1-888-749-7747
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiff and Proposed Class*